IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MRCO, INC.,

Plaintiff

v.                                                    CIVIL 01-2555 (PG)

BANCO POPULAR DE PUERTO
RICO, INC., et al.,

Defendants

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

There are several motions pending before the court.  On September 29, 2003,
plaintiff MRCo, Inc. (hereinafter "MRCo") filed a motion for summary judgment
requesting resolution in its favor of all claims still outstanding between the parties.
(Docket No. 111.)  Co-defendant Banco Popular de Puerto Rico, Inc. (hereinafter "Banco
Popular") filed an opposition to MRCo's motion on October 27, 2003, also moving for
judgment as a matter of law on the issues raised by MRCo's summary judgment motion.
(Docket No. 120.)  On the same date, Banco Popular moved for summary judgment on the
claims asserted by it in its cross-claim and counterclaim.  (Docket No. 119.)[1]   On

_____

[1]Banco Popular filed a counterclaim against MRCo seeking to recover the attorney's
fees and cost incurred in defending the present action.  The same relief was sought by
Banco Popular against co-defendant Fermín M. Contreras, former Puerto Rico Insurance
Commissioner and who was substituted in this action by Dorelisse Juarbe-Jiménez, current
Puerto Rico Insurance Commissioner (hereinafter "Commissioner").  (Docket No. 143.)

CIVIL 01-2555 (PG)                              2

February 27, 2004, MRCo filed an opposition to Banco Popular's summary judgment motion, (Docket Nos. 140, 141), to which Banco Popular replied on March 23, 2004. (Docket No. 150.)

Also before the court is the cross-motion for summary judgment filed by the Commissioner with respect to Banco Popular's cross-claim. (Docket No. 124.) The Commissioner also submitted a response to Banco Popular's motion for summary judgment. (Docket No. 159.) These matters were referred to me for a report and recommendation. (Docket Nos. 152, 163.) After considering the arguments of the parties, the evidence in the record and for the reasons set forth below, it is my recommendation that MRCo's motion for summary judgment be DENIED. Banco Popular's cross-motion for summary judgment should be GRANTED. With respect to Banco Popular's motion for summary judgment on its counterclaim and cross-claim against MRCo and the Commissioner respectively, I recommend that the same be GRANTED as to the counterclaim and DENIED as to the cross-claim. The Commissioner's cross-motion should be GRANTED.

I.  FACTUAL AND PROCEDURAL BACKGROUND

This diversity action was brought by MRCo against Banco Popular under article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141, for the failure to return and conversion of some $8.8 million deposited in an escrow account at Banco Popular. There

CIVIL 01-2555 (PG)                          3

are allegations of breach of contract against both Banco Popular and the Commissioner. (First Amended Complaint, Docket No. 34, August 15, 2002.)  The following are the relevant facts drawn from MRCo's First Amended Complaint.  (Docket No. 34.)

MRCo is a corporation organized and existing under the laws of the State of Maryland.  It has its principal place of business in the District of Columbia.  Co-defendant Banco Popular is a banking organization incorporated pursuant to the laws of the Commonwealth of Puerto Rico and with principal place of business therein.  Co-defendant Commissioner is the Insurance Commissioner of Puerto Rico, named solely in his capacity as liquidator of the Plan de Salud de la Federación de Maestros de Puerto Rico (hereinafter "the Plan").  The Plan in turn is a nonprofit corporation organized on July 20, 1983 and which has functioned since 1986 as a health service organization under the Insurance Code of Puerto Rico, 26 P.R. Laws Ann. § 1901 et seq.  The Plan provides health insurance coverage to the teachers of Puerto Rico, to other government employees, and to certain private organizations.

On June 21, 2000, the Commissioner began auditing the operation and financial status of the Plan for the period covering January 1, 1997, through December 31, 1999. On October 11, 2000, and as a result of the audit, the Commissioner notified the Plan that there was a shortfall in its assets of approximately $13.2 million.  The Commissioner also ordered the Plan to identify sufficient assets to cover the shortfall within 90 days and to

CIVIL 01-2555 (PG)                           4

submit evidence that the shortfall had been covered.  The Commissioner subsequently amended his audit report to reflect an actual shortfall of $13.5 million.  Said amount was established at a hearing requested by the Plan before the Commissioner and which took place on December 13, 2000.  The Commissioner gave the Plan until February 28, 2001to submit evidence that the shortfall in assets had been covered.  Otherwise, the Plan would be considered insolvent and placed in liquidation.

With the alleged support, encouragement and involvement of the Commissioner and in order to cover the shortfall, the Plan solicited a loan from MRCo.  The Plan would borrow $13,516,725 pursuant to a Surplus Note Agreement (hereinafter "Surplus Note") entered into with MRCo which would provide a cash infusion into the Plan.  Such cash infusion would in turn enable the Plan to develop sufficient surplus funds to meet and cover the shortfall in its assets thus avoiding a declaration of insolvency and the initiation of liquidation proceedings.

MRCo and the Plan agreed to establish an escrow account at Banco Popular, with Banco Popular acting as escrow agent.  From said escrow account, funds would be disbursed in connection with the Surplus Note.  The escrow account was created to facilitate the purpose of the Surplus Note and to ensure that the money to fund the loan to the Plan was readily available in Puerto Rico as needed.

CIVIL 01-2555 (PG)                              5

Pursuant to 26 P.R. Laws Ann. § 2930, the Commissioner must give prior approval before a surplus loan transaction can be entered into by a Puerto Rico insurer.  Given said requirement, MRCo and the Plan expressly incorporated the Commissioner's approval as a condition precedent to the consummation of the loan under the Surplus Note.  After reaching an agreement, the Plan requested approval from the Commissioner for the loan transaction.  The office of the Commissioner sent a letter to the Plan which states in pertinent part as follows:

> After evaluating the loan agreement and certificate in the light of Articles 29,300 and 29,310 of the Puerto Rico Insurance Code, we approve them, subject to your submitting the duly signed originals of the loan certificate and agreement with the corporate seal of each corporation.

(Docket No. 34, Ex. C.)   The letter contains additional requirements of other documentation as a condition for approval.  Nevertheless, it is alleged that this letter, together with statements by the Commissioner and his office, were understood by MRCo and the Plan to constitute approval of the loan transaction.

Relying on the apparent approval by the Commissioner, MRCo and the Plan executed the Surplus Note and accompanying loan certificate on March 26, 2001.  On the same date, MRCo entered into the Escrow Agreement ("Escrow Agreement") with Banco Popular reflecting the terms under which the funds would be available and used in accordance with the Surplus Note.  MRCo deposited $13,516,725 in the escrow account.

CIVIL 01-2555 (PG)                      6

Almost immediately, Banco Popular—acting as escrow agent—made several disbursements to the Plan totaling approximately $3.5 million.  However, on March 30, 2001, only four days after the execution of the Surplus Note and the Escrow Agreement, the Commissioner filed a petition to place the Plan in liquidation.  The same was filed in the Commonwealth of Puerto Rico Superior Court, San Juan Part.  The state court issued an ex-parte order provisionally placing the Plan in liquidation.  The provisional order was subsequently confirmed by order issued May 25, 2001.

On April 3, 2001, and immediately after learning that the Plan had been placed into liquidation, MRCo demanded from Banco Popular the return of all funds remaining in the escrow account.  Banco Popular allegedly refused to return the funds despite the Commissioner's unequivocal statement that he never approved the loan transaction at issue.  Instead, Banco Popular deposited the funds in the Registry of the San Juan Superior Court—the court overseeing the liquidation proceedings—effectively placing the funds out of MRCo's reach.

MRCo alleges that because the condition precedent of the Commissioner's prior approval was not satisfied, the loan contract never came into being.  Since no loan existed, the Plan never acquired any right, title or interest in any of the funds placed in escrow.  It is MRCo's position that the purpose of the escrow account was vitiated and that it was Banco Popular's duty to return the funds to its rightful owner:  MRCo.  It is necessary to

CIVIL 01-2555 (PG)                         7

note that the remainder of the funds ($8,847,251.78 and $127,006.23) have been returned to MRCo as a result of this litigation.  (Docket Nos. 83, 102 and 104.)  Nevertheless, although the funds remaining in the escrow account were eventually returned to MRCo, this action has become a claim for the funds initially disbursed (some $3,612,577.82).

Additionally, MRCo requested, and the District of Columbia's Insurance Commissioner instituted, an ancillary receivership proceeding in the Superior Court of the District of Columbia.  Ancillary Proceeding in the Matter of Plan de Salud de la Federación de Maestros de Puerto Rico, Inc. (In Liquidation), Civil 01-5242.  Once established, MRCo filed a claim in said action for the return of the funds already disbursed from the escrow account.  The crux of MRCo's contention here as well as in the ancillary receivership proceeding is that the loan never became an asset of the Plan; therefore, the funds were improvidently disbursed by the escrow agent.   MRCo seeks to recover those funds transferred to the Plan.

Banco Popular answered MRCo's first amended complaint denying liability and arguing that its actions with respect to the escrow account were in compliance with the obligations imposed by the Escrow Agreement.  Banco Popular asserts that it acted at all times in accordance with the terms of said Escrow Agreement and relying on the written instructions given by MRCo and the Plan which Banco Popular assumed valid and accurate.   In addition, Banco Popular brought forth a counterclaim against MRCo

CIVIL 01-2555 (PG)                              8

requesting declaratory relief regarding the validity of the Escrow Agreement and the rights and obligation of the parties involved under said agreement.  It is contended that MRCo agreed to indemnify and hold harmless Banco Popular for any claims, losses, liabilities or damages arising out of Banco Popular's performance under the Escrow Agreement.  MRCo and the Plan also agreed to indemnify Banco Popular for the costs and attorney's fees incurred in defending legal actions arising out of its obligations and performance under the Escrow Agreement.  In its counterclaim, Banco Popular requests that MRCo be ordered to pay the costs and attorney's fees incurred in defending this action.

Similarly, Banco Popular asserted a cross-claim against co-defendant the Commissioner.  In it, Banco Popular argues that pursuant to the Puerto Rico Insurance Code, the Commissioner stands in the shoes of the Plan by reason of the liquidation proceeding.  Under the Escrow Agreement, the Plan (and consequently the Commissioner), is jointly obligated to indemnify Banco Popular for the costs and attorney's fees expended in this litigation.

MRCo has moved for summary judgment on all the claims pending adjudication including its request that the funds disbursed to the Plan be returned to it, and all issues regarding costs and attorney's fees.  Banco Popular responded to MRCo's motion and moved for summary judgment in its favor as to the costs and attorney's fees issue.  The Commissioner has also moved for judgment as a matter of law.

CIVIL 01-2555 (PG)                                9

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  To succeed on a motion for summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion, the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue for trial and that a trier of fact could reasonably find in its favor.  Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).  The party opposing summary judgment must produce "specific facts, in suitable evidentiary form," to counter the evidence presented by the movant.  López-Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000) (quoting Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994)).  A party cannot discharge said burden by relying upon "conclusory allegations, improbable inferences, and unsupportable speculation."  Id.; see also Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002) (quoting J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1251 (1st Cir. 1996)) ("'[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment.").

CIVIL 01-2555 (PG)                    10

The court must view the facts in light most hospitable to the nonmoving party, drawing all reasonable inferences in that party's favor. Patterson v. Patterson, 306 F.3d 1156, 1157 (1st Cir. 2002). A fact is considered material if it has the potential to affect the outcome of the case under applicable law. Nereida-González v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). The filing of cross-motions for summary judgment do not alter the application of the above-outlined standard. Rather, the court must determine whether either party is entitled to judgment as a matter of law on facts that are not disputed. Adria Int'l Group, Inc. v. Ferré Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001). "The court must consider each motion separately, drawing inferences against each movant in turn." Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997).

## III.  DISCUSSION

### A.  Funds Initially Disbursed to the Plan

MRCo asserts it is entitled to recover from Banco Popular the funds disbursed by the latter to the Plan. MRCo requests restitution of the full amount of the funds placed in escrow. The request includes return of the $3,612,577.82 disbursed to the Plan; $400,000 used to cover an overdraft that the Plan had incurred in an account at Banco Popular; and $5,000 transferred out of escrow to pay Banco Popular's fee for acting as escrow agent. The specific argument advanced by MRCo is that there is no dispute as to the fact that it entered into the Surplus Note under the mistaken belief that the

CIVIL 01-2555 (PG)                              11

Commissioner had approved the underlying transaction.  Disbursements from the escrow account were made also under the presumed existence of approval.  According to MRCo, approval was a condition precedent for the existence of a contract.  Thus, it being undisputed that the Commissioner never approved the loan, the Surplus Note never became a binding obligation and the Plan never acquired any right, title or interest in the funds posted in escrow.  Without more, MRCo claims that it is entitled to restitution from Banco Popular.

Banco Popular opposes MRCo's request.  The crux of Banco Popular's position is that MRCo has failed to meet its burden on summary judgment where even if accepted as true, the facts alleged do not entitled it to the restitution it seeks from Banco Popular. Even if the funds were disbursed under the erroneous or mistaken belief that the Commissioner had approved the transaction, such was an error of law and not of fact for which Puerto Rico law provides no right to restitution.  Additionally, Banco Popular maintains that the error could have been avoided if MRCo had exercised minimal diligence and that even if the error could provide MRCo with a remedy, it cannot be a remedy against Banco Popular, a third party alien to all dealings where the alleged mistake occurred.  Banco Popular further argues that it entered into, performed and received payment under the Escrow Agreement in good faith and that the disbursements from the escrow account were not dependent on the Commissioner's approval.  Finally, Banco

CIVIL 01-2555 (PG)                              12

Popular submits that MRCo cannot claim restitution of funds it ordered disbursed and that were in fact disbursed by Banco Popular in strict adherence to the terms and conditions of the Escrow Agreement.

Despite extensive discussion by the parties of the legal theories under which MRCo may or may not be entitled to recover funds, MRCo's contention boils down to a single proposition: that because approval by the Commissioner was a condition precedent for the existence of the Surplus Note, said transaction never came into being since it is undisputed that the Commissioner did not approve the same. From that proposition, MRCo leaps to the unsupported and conclusory assertion that given the failure of the transaction to materialize, it should recover from Banco Popular the funds it itself ordered disbursed to the Plan. MRCo dedicates its efforts to discuss its position that approval by the Commissioner was an unsatisfied condition precedent negating the existence of the Surplus Note. Nevertheless, MRCo cites to no authority and develops no convincing argument for its bottom line claim that Banco Popular should be ordered to return funds that it disbursed in good faith, acting upon orders of MRCo and in accordance with the terms of the Escrow Agreement. Similarly, there is no claim that Banco Popular breached the Escrow Agreement or that it acted inappropriately at any time.

Consequently, MRCo has failed to meet its burden on summary judgment. As non-moving party, Banco Popular does not have an obligation to offer evidence supporting its

CIVIL 01-2555 (PG)                          13

own case if the moving party fails to meet its initial burden of establishing an absence of

a genuine issue of material fact and its entitlement to judgment as a matter of law.  See

Carmona v. Toledo, 215 F.3d 124, 133 (1st Cir. 2000); see also Adickes v. S.H. Kress &

Co., 398 U.S. 144, 160 (1970).  Banco Popular has, however, met its burden on its own

request for summary judgment to establish the absence of a genuine issue of material fact.

Banco Popular was not a party to the loan transaction or the Surplus Note.  It acted

as escrow agent and the extent of its obligation must be ascertained by looking at the terms

of the Escrow Agreement.  The Escrow Agreement provides in relevant part:

> **3. Disbursements from the Escrow Account.**  The Escrow
> Agent agrees to disburse the Escrow Account pursuant to the
> following instructions:
>
>> a. Within seven (7) days after establishment of
>> the Escrow Account, Escrow Agent shall disburse
>> Seven Hundred Fifty Thousand and 00/100 US
>> Dollars (US $750,000) to MRCO in satisfaction
>> of the Promissory Note attached hereto as Exhibit
>> B.
>>
>> b. Within seven (7) days after establishment of
>> the Escrow Account, Escrow Agent shall disburse
>> Four Hundred Thousand and 00/100 US Dollars
>> (US $400,000) to Banco Popular de Puerto Rico
>> in satisfaction of the overdraft account number
>> 101-0900-0689955-0006.
>>
>> c. Periodically, the Escrow Agent shall receive a
>> letter, substantially in the form attached hereto as
>> Exhibit C, with releases executed by the [sic] of
>> health care providers who provided services to

CIVIL 01-2555 (PG)                          14

> individuals insured under Plan from its inception
> through February 28, 2001, inclusive. Within two
> (2) business days of receipt of said letters signed
> by both the Plan and MRCo, Escrow Agent shall
> transfer funds sufficient to pay the sum of said
> releases into account number 035-034122 at
> Banco Popular de Puerto Rico.
>
> d. Any funds remaining in the Escrow Account
> after July 1, 2001 shall be disbursed to the Plan.

(Docket No. 119, Escrow Agreement, Ex. A attached to Ex. 1, ¶ 3.)  Immediately after

entering into the Escrow Agreement, MRCo and the Plan instructed and authorized Banco

Popular to disburse a total of $4,762,577.82.  (See Affidavit of Luis R. Cintrón Berríos,

Docket No. 119, Ex. 1, ¶ (H)).  Among the monies disbursed was the amount of

$3,612,577.82 transferred to the Plan, the amount now claimed by MRCo.  (See

Settlement Release Form, Docket No. 119, Ex. B attached to Ex. 1.)  Clearly, Banco

Popular acted in accordance with its obligations under the Escrow Agreement and upon the

instructions of both the Plan and MRCo.  As to this, there is no factual dispute.

The court needs not concern itself with an extensive analysis of the legal theories

advanced by the parties regarding rescission, consent given by error or even conditions

precedent.  This is so because even if the court were to accept MRCo's position that the

loan never materialized because it was conditioned on approval by the Commissioner, or

that it entered into the Surplus Note induced by error, MRCo still fails to show that it

should recover from Banco Popular.

CIVIL 01-2555 (PG)                          15

Therefore, since it is Banco Popular who has shown an absence of a trial worthy factual dispute and its entitlement to judgment as a matter of law on this issue, I recommend that its cross-motion for summary judgment be GRANTED.  MRCo's motion should be DENIED.

### B.  Costs and Attorney's Fees

MRCo, Banco Popular and the Commissioner all claim entitlement to judgment as a matter of law on the issue of costs and attorney's fees.  On the one hand, MRCo argues that it should recover jointly and severally from both Banco Popular and the Commissioner, all the fees and costs that it has incurred to date in this and related litigation.  Citing paragraph 5 of the Escrow Agreement, MRCo claims to be the "party victorious" in the present dispute, thus entitled to all costs and reasonable attorney's fees.  On the other hand, Banco Popular moves for summary judgment on the same issue which was raised in its counterclaim and cross-claim against MRCo and the Commissioner respectively.  Banco Popular maintains that under the terms of the Escrow Agreement, it has the right to be reimbursed for its own costs and attorney's fees.  The Plan and MRCo are, according to Banco Popular, jointly liable for such indemnity request.  Finally, the Commissioner submits that with respect to the cross-claim against her:  (1) Banco Popular has not prevailed on any action filed against the Commissioner; thus it is not a "party victorious" under the Escrow Agreement; and (2) that applicable law bars any legal action

CIVIL 01-2555 (PG)                                16

against the Commissioner acting as court-appointed liquidator of an insolvent insurance

company like the Plan.  Sketched in broad strokes, the Commissioner contends that Banco

Popular can only recover its expenses and attorney's fees from MRCo, the party which sued

it.  Therefore, it argues that Banco Popular's motion for partial summary judgment on its

cross-claim should be denied and that in turn, the court should grant its own cross-motion

for summary judgment.

     At issue are paragraphs 5 and 6 of the Escrow Agreement.  Paragraph 5 provides:

> 5. **Disputes**.  In the event of any disagreement regarding the interpretation of this Escrow Agreement, or the rights and obligations set forth herein, or the propriety of any action contemplated to be taken by the parties hereunder, the parties may, in their sole discretion, file an action in any court of competent jurisdiction to resolve such disagreement.  The party victorious in such action shall be indemnified as provided in Paragraph 6 hereof for all costs, including, without limitation, reasonable attorney's fees in connection with any such dispute or disagreement.

(Docket No. 119, Escrow Agreement, Ex. A attached to Ex. 1, ¶ 5.)  Paragraph 6 in turn

provides:

> 6. **Indemnity**.
>
> The Company [MRCo] agrees to indemnify and hold Escrow Agent harmless from any and all claims, demands, causes of action, losses, liabilities, damages and judgments, or charges of any kind including, without limitation, the costs of defending any action against it, together with any reasonable attorney feels [sic] or charges of any character or nature, arising in connection with the Escrow Agent's undertakings pursuant to the terms and

CIVIL 01-2555 (PG)                              17

> conditions of this Escrow Agreement, unless such claim,
> demand, damage or expenses arises as a result of the Escrow
> Agent's gross negligence or willful misconduct.    The
> indemnification in this paragraph shall survive the resignation
> of the Escrow Agent or the termination of this Agreement.

(Id. ¶ 6.)

From a careful reading of the clauses transcribed above it must be concluded that the

obligations of the parties anent the subject of indemnity are clearly delineated.  Paragraph

5 provides the parties[2] to the Escrow Agreement with the discretion to initiate a legal action

to resolve disagreements in the interpretation of the contract; as to the rights and

obligations of the parties under such agreement; and as to any action taken or

contemplated under the same.  The parties agreed that the "party victorious" would be

indemnified in its costs, which includes attorney's fees, incurred in defending an action

brought to resolve such disputes or disagreements.  Therefore, the entitlement of any of the

parties in this case to costs and attorney's fees is a matter of contract interpretation.

Under Puerto Rico law, article 1223 of the Puerto Rico Civil Code, 31 P.R. Laws

Ann. § 3471, determines the manner in which a court should interpret contracts that are

in dispute.  Borschow Hosp. & Medical Supplies, Inc. v. César Castillo, Inc., 96 F.3d 10,

15 (1ˢᵗ Cir. 1996) (quoting Hopgood v. Merrill Lynch, Pierce, Fenner & Smith, 839 F.

Supp. 98, 104 (D.P.R. 1993)).  Article 1223 provides as follows:

---

[2]The parties to the Escrow Agreement are MRCo, the Plan and Banco Popular.

CIVIL 01-2555 (PG)                              18

> If the terms of a contract are clear and leave no doubt as to the
> intentions of the contracting parties, the literal sense of its
> stipulations shall be observed.
> If the words should appear contrary to the evident intention of
> the contracting parties, the intention shall prevail.

31 P.R. Laws Ann. § 3471.  Furthermore, "an agreement is 'clear' when it can 'be
understood in one sense alone, without leaving any room for doubt, controversies or
difference of interpretation....'"  Borschow Hosp. & Medical Supplies, Inc. v. César
Castillo, Inc., 96 F.3d at 15 (quoting Executive Leasing Corp. v. Banco Popular de Puerto
Rico, 48 F.2d 66, 69 (1st Cir. 1987)).  To be clear the contract has to be "sufficiently lucid
to be understood to have one particular meaning...."  Hopgood v. Merrill Lynch, Pierce,
Fenner & Smith, 839 F. Supp. at 104.

In this case, the terms of the Escrow Agreement regarding costs and attorney's fees
are clear and leave no room for doubt or different interpretations.  Simply put, the
prevailing party in an action brought to resolve disagreements as to the interpretation of
the contract, obligations of the parties, and actions taken or contemplated under the same,
must be indemnified by the other party in its costs and attorney's fees.  The parties are in
agreement as to this interpretation.  However, they disagree as to who is the "party
victorious."

Given my finding in the previous section that Banco Popular is not liable for the
sums requested by MRCo, it must be concluded that Banco Popular may be the "party

CIVIL 01-2555 (PG)                    19

victorious."   First, this is an action brought to resolve a disagreement regarding the propriety of Banco Popular's performance under the Escrow Agreement.  Specifically, the disbursement of funds to the Plan.  Second, both Banco Popular and MRCo are parties to the Escrow Agreement; therefore, under paragraph 5, MRCo was entitled in its discretion to file this action.  However, MRCo did not prevail in said action, or at least will not be the prevailing party if the court decides to adopt this recommendation.  Third, Banco Popular is entitled to be indemnified under paragraph 6 inasmuch as it does not appear that it acted with gross negligence or wilful misconduct.  As such, the prevailing party will be Banco Popular and under the clear terms of the Escrow Agreement, must be indemnified by MRCo in the costs and attorney's fees incurred by it in defending the action.  See, e.g., MIF Realty, L.P. v. Fineberg, 989 F. Supp. 400, 402 (D. Mass. 1998).  Consequently, I recommend that MRCo's motion for summary judgment on the issue of attorney's fees be DENIED.  Banco Popular's motion on the counterclaim filed by it should be GRANTED.

Banco Popular also moves for summary judgment on the cross-claim arguing that as representative of the Plan, the Commissioner is jointly liable, along with MRCo, for the costs and attorney's fees.  As to this issue, I agree with the Commissioner's position that Banco Popular cannot recover from her.  The Plan, being a party to the Escrow Agreement, would have been jointly liable for costs and attorney's fees under ordinary circumstances. However, the Plan was declared insolvent and placed in liquidation.  The Commissioner

CIVIL 01-2555 (PG)                    20

represents the Plan as court-appointed liquidator, and under Puerto Rico law, any legal

action against her is precluded.

Article 40.210 of the Puerto Rico Insurance Code provides in relevant part as

follows:

§ 4021. Liquidation--Actions by and against the liquidator

(1) Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in Puerto Rico, no action at law shall be brought against the insurer or the liquidator, whether in Puerto Rico or elsewhere, nor shall an action of that nature be maintained or entered after issuance of such order.

26 P.R. Laws Ann. § 4021(1).  In Intaco Equip. Corp. v. Arelis Constr., 142 D.P.R. 648

(1997), the Puerto Rico Supreme Court held that the legislative history of Chapter 40 of

the Insurance Code indicates that actions against the insurer must be remitted to the

liquidation proceedings under the supervision of a court with jurisdiction.  Id. at 652

(translation ours).  The Court further stated that no judicial action can be filed against the

insurer or liquidator once the liquidation order has been issued.  Id. at 651.  Such a holding

is in accord with the Court's previous decision in Calderón, Rosa-Silva & Vargas v.

Commonwealth Ins. Co., 111 D.P.R. 153 (1981), which held that any claim against an

insurer in liquidation must be directed to the Commissioner.  Intaco Equip. Corp. v. Arelis

Constr., 142 D.P.R. at 651 (translation ours).  The purpose of article 40.201 is to provide

CIVIL 01-2555 (PG)                         21

greater efficiency and economy to liquidations of insolvent insurers. Id. at 652 (translation ours).

Evidently, Banco Popular's cross-claim against the Commissioner and its claim that the Plan is jointly liable for costs and attorney's fees, are precluded by the prohibition in Article 40.210 of the Puerto Rico Insurance Code. Accordingly, Banco Popular's motion for summary judgment on the cross-claim against the Commissioner must be DENIED. I recommend that the Commissioner's cross-motion for summary judgment be GRANTED inasmuch Banco Popular is precluded, as a matter of Puerto Rico law, from pursuing a claim against both the Plan and the Commissioner as liquidator of the Plan.

IV.  CONCLUSION

In view of the above, it is my recommendation that MRCo's motion for partial summary judgment (Docket No. 111) be DENIED in its entirety. Banco Popular's cross-motion (Docket No. 120) should be GRANTED. It is recommended that Banco Popular's motion for summary judgment (Docket No. 119) be GRANTED in part and DENIED in part. It should be GRANTED with respect to the counterclaim against MRCo seeking costs and attorney's fees under the Escrow Agreement. It should be DENIED as to the cross-claim asserted against the Commissioner. Accordingly, it is my recommendation that the Commissioner's cross-motion (Docket No. 124) on the same issue be GRANTED.

CIVIL 01-2555 (PG)                    22

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 2nd day of September, 2004.


                              S/ JUSTO ARENAS
                     Chief United States Magistrate Judge