**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
MRCO, INC.,

     Plaintiff,

       v.                               CIV. NO. 01-2555 (PG)

BANCO POPULAR DE PUERTO RICO, IND.,
ET AL.,

     Defendants.
```

**ORDER**

On November 14, 2001, plaintiff MRCo, Inc.'s ("MRCo)" filed this diversity action against Banco Popular de Puerto Rico, Inc.'s (hereinafter "BPPR"). The Complaint was later amended to add the Puerto Rico Insurance Commissioner ("the Commissioner")(See Docket Nos. 1 & 34.) In March of 2003, the case was consolidated with Civil No. 02-2847, Banco Popular de PR v. MRCo., Inc., et al. Following years of litigation, MRCo and BPPR finally settled their claims. (See Docket Nos. 181, 187 & 188.)  Following the entry of partial judgment dismissing all claims between MRCo and BPPR, the Court held a Status Conference in which the request to voluntarily dismiss without prejudice BPPR's cross claim against the Commissioner was granted. (See Docket No. 191.) Partial Judgment was entered forthwith. (Docket No. 192.) At the Status Conference, the Court acknowledged that pending before the Court was Chief Magistrate Judge Justo Arenas' Report and Recommendation. (Docket No. 169.)  The Court indicated that it would issue an order thereafter.

Having carefully reviewed the Report and Recommendation, it is clear that the issues discussed therein are moot in light of the settlement between MRCo and BPPR.  The only somewhat outstanding issue, which the Magistrate Judge did not squarely address, is whether the Commissioner is liable to MRCo for costs and attorney's fees.  Because the Magistrate Judge failed to directly address it and also because his ruling was contingent on BPPR's liability to MRCo, an issue now moot, the Court cannot make a final determination as to whether the

Civ. No. (PG)                                                    Page 2

Commissioner is, as a matter of law, liable to MRCO for costs and attorney's fees.  What is more, the Report does not address any of the claims MRCo brings against the Commissioner in the Amended Complaint, specifically, Counts II through V. (See Docket No. 34.)  In other words, the claims between plaintiff and third-party defendant were not disposed of in the Report and Recommendation.

Therefore, upon heedfully reviewing the record, the Court DOES NOT ADOPT the Report and Recommendation (Docket No. 169) inasmuch as it is MOOT. The Court shall schedule a Status Conference with MRCO and the Commissioner to discuss the remaining claims, namely, MRCo's right to recover from the Plan de Salud de la Federacion de Maestro de Puerto Rico, Inc., over $4 million dollars that were disbursed to or for the benefit of the Plan in the few days before the Commissioner placed the Plan into liquidation as well as the MRCo's entitlement, if any, to costs and attorney's fees.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, October 25, 2006.

                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE